IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Theodore Lucio, et al. | : | |
| | : | Case No. 3:15-cv-00613-JJH |
| Plaintiffs, | : | |
| | : | JUDGE JEFFREY J. HELMICK |
| v. | : | |
| | : | |
| Edw. C. Levy Co., et al., | : | |
| | : | |
| Defendants. | : | |

**ANSWER OF DEFENDANT NORTH STAR BLUESCOPE STEEL, LLC**

Defendant North Star BlueScope Steel, LLC ("North Star BlueScope") answers Plaintiffs' Complaint as follows:

1.  North Star BlueScope denies the allegations in paragraph 1 for lack of knowledge.

2.  North Star BlueScope denies the allegations in paragraph 2 for lack of knowledge.

3.  North Star BlueScope admits that it is duly licensed to do business in Ohio and operates a steel mill at 6767 County Rd. 9, Delta, Fulton County, Ohio. North Star BlueScope denies the remaining allegations in paragraph 3.

4.  North Star BlueScope denies the allegations in paragraph 4 for lack of knowledge.

5.  North Star BlueScope admits that it contracted with Levy Environmental Services Company d/b/a Fulton Mill Service Company ("FMS") for the provision of slag handling and mill services. The scope and terms of that engagement are governed by written contract, the terms of which speak for themselves. North Star BlueScope admits that FMS transported slag by product from North Star BlueScope's steel mill operations to an outdoor facility owned, operated, and controlled by FMS. North Star BlueScope admits that FMS processed the slag by product at FMS's facility and sold or otherwise disposed of the end product. North Star BlueScope denies the remaining allegations in paragraph 5 for lack of knowledge.

6. North Star BlueScope denies the allegations in paragraph 6 for lack of knowledge.

7. North Star BlueScope admits that it owns the real property located at 6767 County Road 9, Delta, Fulton County, Ohio, but denies that it owns the aggregate/slag processing plant. North Star BlueScope denies the remaining allegations in paragraph 7.

8. North Star BlueScope admits that a permanent slag processing plant was constructed on real property it owns. North Star BlueScope denies the remaining allegations in paragraph 8 for lack of knowledge.

9. North Star BlueScope admits that Theodore Lucio was an employee of Levy Environmental Services Company on February 25, 2013, and that the slag plant includes four towers. North Star BlueScope denies the remaining allegations in paragraph 9 for lack of knowledge.

10. North Star BlueScope denies the allegations in paragraph 10 for lack of knowledge.

11. North Star BlueScope admits that "Tower Number 2" is a large industrial structure. North Star BlueScope denies the remaining allegations in paragraph 11 for lack of knowledge.

12. North Star BlueScope admits that the metal screens at issue were approximately 25 feet from the ground. North Star BlueScope denies the remaining allegations in paragraph 12 for lack of knowledge.

13. North Star BlueScope denies the allegations in paragraph 13 for lack of knowledge.

14. North Star BlueScope denies the allegations in paragraph 14 for lack of knowledge.

15. North Star BlueScope admits that Theodore Lucio fell to the ground approximately 25 feet. North Star BlueScope denies the remaining allegations in paragraph 15 for lack of knowledge.

16. In response to paragraph 16, North Star BlueScope incorporates its responses to paragraphs 1-15 above.

17. North Star BlueScope admits that it permitted a slag plant to be built on real property it owns. North Star BlueScope denies the remaining allegations in paragraph 17.

18. North Star BlueScope admits that Theodore Lucio fell to the ground while working at the slag plant on February 25, 2013, during the course and scope of his employment with Levy Environmental Services Company. North Star BlueScope denies the remaining allegations in paragraph 18 for lack of knowledge.

19. North Star BlueScope denies the allegations in paragraph 19 for lack of knowledge.

20. North Star BlueScope denies the allegations in paragraph 20 for lack of knowledge.

21. North Star BlueScope denies the allegations in paragraph 21 for lack of knowledge.

22. In response to paragraph 22, North Star BlueScope incorporates its responses to paragraphs 1-21 above.

23. North Star BlueScope denies the allegations in paragraph 23 for lack of knowledge.

24. North Star BlueScope denies the allegations in paragraph 24 for lack of knowledge.

25. North Star BlueScope denies the allegations in paragraph 25 for lack of knowledge.

26. North Star BlueScope denies the allegations in paragraph 26 for lack of knowledge.

27. North Star BlueScope denies the allegations in paragraph 27 for lack of knowledge.

28. North Star BlueScope denies the allegations in paragraph 28 for lack of knowledge.

29. North Star BlueScope denies the allegations in paragraph 29 for lack of knowledge.

30. North Star BlueScope denies the allegations in paragraph 30 for lack of knowledge.

31. North Star BlueScope denies the allegations in paragraph 31 for lack of knowledge.

32. North Star BlueScope denies the allegations in paragraph 32 for lack of knowledge.

33. North Star BlueScope denies the allegations in paragraph 33 for lack of knowledge.

34. North Star BlueScope denies the allegations in paragraph 34 for lack of knowledge.

35. North Star BlueScope denies the allegations in paragraph 35 for lack of knowledge.

36. In response to paragraph 36, North Star BlueScope incorporates its responses to paragraphs 1-35 above.

37. North Star BlueScope denies the allegations in paragraph 37.

38. North Star BlueScope denies the allegations in paragraph 38.

39. North Star BlueScope denies the allegations in paragraph 39.

40. In response to paragraph 40, North Star BlueScope incorporates its responses to paragraphs 1-39 above.

41. North Star BlueScope denies the allegations in paragraph 41.

**Affirmative Defenses**

1. Plaintiffs fail to state a claim on which relief can be granted against North Star BlueScope.

2. Plaintiffs' claims are barred by the doctrine of assumption of the risk.

3. Plaintiffs' claims are barred by the open-and-obvious doctrine.

4. Plaintiffs' claims are barred because Plaintiff Theodore Lucio was engaged in an inherently-dangerous activity.

5. Plaintiff Theodore Lucio was negligent and his negligence caused or contributed to any damages claimed by Plaintiffs.

6. The injuries claimed by Plaintiffs were caused by intervening and/or superseding causes for which North Star BlueScope is not responsible.

7. Plaintiffs' noneconomic damages, if any, are limited by R.C. 2315.18.

8. Plaintiffs have failed to name necessary or indispensable parties.

9. North Star BlueScope's liability, if any, is limited by R.C. 2307.22, 2307.23, 2307.28, and/or common-law set-off.

10. Plaintiffs failed to mitigate their damages.

11. North Star BlueScope reserves the right to supplement and/or add to these affirmative defenses as defenses may become known through the pendency of this case further discovery or investigation.

Defendant North Star BlueScope Steel, LLC respectfully requests that this Court deny the relief requested by Plaintiffs in their Complaint, dismiss Plaintiffs' Complaint with prejudice, and award any other relief this Court deems proper.

Respectfully submitted,

/s/ Gregory P. Mathews
Charles E. Ticknor, III (0042559)
Gregory P. Mathews (0078276)
DINSMORE & SHOHL, LLP
191 W. Nationwide Boulevard, Suite 300
Columbus, Ohio 43215
Phone: (614) 628-6880
Fax: (614) 628-6890
charles.ticknor@dinsmore.com
gregory.mathews@dinsmore.com
*Counsel for Defendant North Star BlueScope Steel, LLC*

## CERTIFICATE OF SERVICE

    I certify that a copy of the foregoing Answer was served on all counsel of record by means of filing using the electronic filing system of the Court and automatic notice procedure of that system, on April 3, 2015.

    /s/ Gregory P. Mathews
*Counsel for Defendant North Star BlueScope Steel, LLC*