IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Theodore Lucio, et al. | : | |
| | : | Case No.  3:15-cv-00613-JJH |
| Plaintiffs, | : | |
| | : | Judge  Jeffrey J. Helmick |
| v. | : | |
| | : | |
| Edw. C. Levy Co., et al., | : | |
| | : | |
| Defendants. | : | |

### DEFENDANTS' JOINT MOTION FOR EXTENSION OF TIME TO IDENTIFY EXPERT WITNESSES

**MOTION**

Defendants North Star BlueScope Steel, LLC and Edward C. Levy Co. (collectively "Defendants") jointly move this Court for an order granting them an extension of time to identify their expert witnesses until thirty (30) days after the date on which the pending Motions for Summary Judgment and Daubert Motion are decided.  This Motion is supported by the following Memorandum in Support.

**MEMORANDUM**

The Amended Scheduling Order set a deadline of May 20, 2016 for the Defendants to identify expert witnesses in this case. Since the entry of the Scheduling Order, Defendants North

Star BlueScope Steel and Edward C. Levy Co. filed Motions for Summary Judgment on April 1, 2016. Additionally, Defendant Edward C. Levy Co. filed a Daubert Motion on May 10, 2016. These Motions are all currently pending before the Court.

Due to the pending status of the above-referenced Motions, Defendants request an extension of time to identify their expert witnesses until thirty (30) days after the date on which such Motions are decided by this Court.  Defendants' request for additional time is made in the interest of economic and judicial efficiency. Both parties would waste valuable time and expend unnecessary client funds disclosing expert witnesses at this point in the litigation. It is important to note that Defendants' potential expert witnesses were not used in the summary judgment briefing process. As such, the formal disclosure of Defendants' expert witnesses has no bearing on the current proceedings. Extending the deadline for Defendants' disclosure of expert witnesses until after the Court has ruled on the pending Motions promotes economic efficiency for both parties. Simply put, it is unnecessary and inefficient for the parties to incur additional expense in order to disclose an expert witness in this case until the Court has ruled on the pending motions. Further, an extension of the deadline for Defendants to identify expert witnesses is not prejudicial to Plaintiffs in any way.

Defendants communicated their request and need for additional time to identify expert witnesses.  Earlier this week, both lawyers for the Defendants contacted Plaintiffs' counsel, explained the rationale for the request, and asked for an agreement on the extension. Plaintiffs' counsel responded to Defendants' request for such an extension in a letter dated May 19, 2016, and asked several questions. See May 19, 2016 Letter, attached hereto as Exhibit A.

On May 20, 2016, in an email from Defense counsel, Stuart J. Goldberg, to Plaintiffs' counsel, Defendants advised Plaintiffs' counsel that the defense had not yet formally retained an

expert, but had identified the likely expert. Defendants reiterated their request for an extension of time to disclose expert witnesses for the reasons previously referenced in the phone conversation earlier in the week. *See* May 20, 2016 email correspondence, attached hereto as Exhibit B. This afternoon, Plaintiffs' counsel indicated that he was not comfortable consenting to Defendants' request for extension.

There is no apparent harm to any party or the litigation process of the case in delaying the disclosure and related work. To the contrary, a delay at this time is more efficient. The case has already been bifurcated for the purpose of liability and damages, and if the case survive summary judgment, there is much more discovery in the case. Time is simply not a factor. In declining to agree to the extension, Plaintiffs have provided no explanation for how they would be harmed by this delay or their reason for declining the request. However, if Plaintiffs oppose this motion and explain the reason why it is necessary or essential for this specific disclosure and related work to proceed, Defendants are willing to quickly do so in the next 30-45 days. The fundamental purpose for the requested delay was to avoid wasting time and money, not to prejudice any party. As indicated in previous communications, the Defendants' expert will play no part in the summary judgment process, which is now fully briefed.

For the foregoing reasons, Defendants respectfully request that the Court extend its deadline to name their expert witnesses until thirty (30) days after the date on which the pending Motions for Summary Judgment and Daubert Motion are decided. This request for additional time is made in the interest of economic efficiency and will cause no harm to Plaintiffs.

Respectfully submitted,

*/s/ Jennie K. Ferguson*
Charles E. Ticknor, III (0042559)
DINSMORE & SHOHL, LLP
191 W. Nationwide Boulevard, Suite 300
Columbus, Ohio 43215
Phone: (614) 628-6880
Fax:    (614) 628-6890
charles.ticknor@dinsmore.com
*Counsel for Defendant North Star*
*BlueScope Steel, LLC*

and

*/s/ Stuart J. Goldberg*
Stuart J. Goldberg (0029469)
Lynn Vuketich Luther (0075166)
One SeaGate, 24th Floor
P.O. Box 10032
Toledo, Ohio 43699
Phone: (419) 241-6000
Fax:    (419) 247-1777
sjgoldberg@eastmansmith.com
lvluther@eastmansmith.com
*Counsel for Defendant Edw. C. Levy Co.*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Defendants' Joint Motion for Extension of Time to Identify Expert Witnesses was served on all counsel of record by means of filing using the electronic filing system of the Court and automatic notice procedure of that system, on May 20, 2016.

*/s/ Jennie K. Ferguson*
*Counsel for Defendant North Star*
*BlueScope Steel, LLC*

4