IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Theodore Lucio, et al. | : | |
| | : | Case No. 3:15-cv-00613-JJH |
| Plaintiffs, | : | |
| | : | JUDGE JEFFREY J. HELMICK |
| v. | : | |
| | : | |
| Edw. C. Levy Co., et al., | : | |
| | : | |
| Defendants. | : | |

## DEFENDANTS' JOINT REPLY BRIEF IN SUPPORT OF JOINT MOTION FOR EXTENSION OF TIME TO IDENTIFY EXPERT WITNESSES

Defendants Edward C. Levy Co. and North Star BlueScope, LLC (collectively "Defendants") submit this Reply in support of their Joint Motion for Extension of Time to Identify Expert Witnesses ("Defendants' Motion"). Plaintiffs' Memorandum in Opposition does not truly address Defendants' Motion, but instead focuses on the weight and credibility of Edward C. Levy's legal arguments in the motions pending before the Court; all despite the fact that the Defendants did not use expert witness testimony in the summary judgment briefing process or the *Daubert* challenge. Plaintiffs argue that they "should have the opportunity to conduct all liability discovery to determine what [] basis actually exists to support particularly Defendant Edw. C. Levy Co.'s various motions and accompanying representations."

(Memorandum in Opposition, p. 1.) However, as stated in Defendants' Joint Motion and in the informal preliminary request counsel made before filing the Joint Motion, Defendants' pending motions and "accompanying representations" **did not involve any defense expert witnesses**. As such, Defendants' formal disclosure of potential expert witnesses has no bearing on the current posture of the case, and Plaintiffs would not be prejudiced in any way by the requested extension.

Because neither Defendant relied on defense expert witness testimony in their respective motions for summary judgment, the identities of potential expert witnesses for the defense is of no value to Plaintiffs at this time. Further, because Defendants will not know what portion of Mr. Wright's testimony or report, if any, needs to be countered until after the court rules on the *Daubert* and summary judgment motions, identifying any liability expert now is premature. If summary judgment is denied for either Defendant, there will be ample time to proceed with expert discovery, which will include the depositions of experts. The extension will accomplish two things for the Defendants. It will allow Defendants to find out what if anything they need to counter, and it will cut off the time and expense for issues potentially unnecessary for the resolution of the case. Such an extension will not prejudice Plaintiffs at all.

For the reasons set forth herein and in Defendants' initial brief, Defendants' Joint Motion for an Extension to Identify their Liability Expert(s) should be granted.

Respectfully submitted,

*/s/ Jennie K. Ferguson*
Charles E. Ticknor, III (0042559)
Jennie K. Ferguson (0081086)
DINSMORE & SHOHL, LLP
191 W. Nationwide Boulevard, Suite 300
Columbus, Ohio 43215
Phone: (614) 628-6880
Fax:     (614) 628-6890
charles.ticknor@dinsmore.com
*Counsel for Defendant North Star*
*BlueScope Steel, LLC*

and

*/s/ Stuart J. Goldberg*
Stuart J. Goldberg (0029469)
Lynn Vuketich Luther (0075166)
One SeaGate, 24th Floor
P.O. Box 10032
Toledo, Ohio 43699
Phone: (419) 241-6000
Fax:     (419) 247-1777
sjgoldberg@eastmansmith.com
lvluther@eastmansmith.com
*Counsel for Defendant Edw. C. Levy Co.*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Reply Memorandum in Support of Defendants' Joint Motion for Extension of Time to Identify Expert Witnesses was served on all counsel of record by means of filing using the electronic filing system of the Court and automatic notice procedure of that system, on June 1, 2016.

*/s/ Jennie K. Ferguson*
*Counsel for Defendant North Star*
*BlueScope Steel, LLC*