IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Theodore Lucio, et al., | Case No.: 3:15-cv-00613-JJH |
| Plaintiffs, | (Hon. Jeffrey J. Helmick) |
| v. | **REPLY MEMORANDUM IN SUPPORT OF DEFENDANT EDW. C. LEVY CO.'S MOTION TO EXCLUDE OPINION OF MICHAEL WRIGHT** |
| Edw. C. Levy Co., et al., | |
| Defendants. | |

Plaintiff Theodore Lucio's memorandum in opposition to defendant Edw. C. Levy Co.'s ("Levy") motion to exclude the testimony of Michael Wright provides further example of Mr. Lucio's contradictory legal arguments and efforts to survive summary judgment by proffering alleged expert testimony that is irrelevant to his claims. Despite those attempts, Mr. Wright's testimony fails to meet the requirements for admissibility.

As explained in Levy's memorandum in support of its motion to exclude, Mr. Wright's report should not be considered for summary judgment or admitted at trial because it fails to meet the standard required by *Daubert, supra*. While Mr. Lucio made general arguments opposing Levy's motion, he did not specifically address why any of the over 90 opinions proffered by Mr. Wright meet that standard.

    **A.    Sections A(1) and B(2) are inconsistent with the arguments proffered by Mr. Lucio, and improperly state Mr. Wright's opinion regarding Levy's intent.**

Edw. C. Levy moved that Sections A(1) and B(2) of Mr. Wright's report be stricken because they are inconsistent with Mr. Lucio's claim that the slag mill is a product, rather than an improvement to real property. (Doc. 64., Levy's Memo. in Supp. of Motion to Exclude at 4.) Mr. Lucio did not oppose this point, and has offered no explanation of how the Ohio Building Code or other constructions standards would apply to a product.[1] Any testimony regarding obligations imposed by the Building Code or other construction standards are therefore wholly inapplicable and irrelevant to Mr. Lucio's negligence claim. Mr. Wright apparently concedes this point, attesting "whether the subject slag mill is a 'product' or an 'improvement' is a legal issue that is beyond the scope of my work in this case." (Second Wright Aff at ¶4.)[2] Accordingly,

---

[1] The Ohio Building Code regulates structures and buildings. OAC 4101:1-1-01.
[2] This admission further calls into question Mr. Wright's ability to testify on the applicability of various regulations.

3597244 .1

Section A(1) at pages 4 through 8 and Section B(2) at pages 25-28 of the report should be excluded.

Mr. Lucio also failed to oppose Levy's motion to exclude Mr. Wright's opinion regarding Levy's alleged intent. (Doc. 64., Levy's Memo. in Supp. of Motion to Exclude at 5; see also Order granting Levy's motion to exclude in part in Case No. 3:14-CV-01849, Doc. No. 41.) Accordingly, those statements should also be excluded.

### B. Section A(2) is not relevant to Mr. Lucio's negligence action and sets forth unreliable opinions.

Mr. Lucio has again <u>failed to point to any legal authority</u> to support his claim that Levy's alleged violations of OSHA regulations and similar government standards are relevant to his negligence claims. He also concedes many of the arguments proffered by Levy in its motion for summary judgment and motion to exclude. For example, Mr. Lucio states Levy has the "misplaced notion that Plaintiff's case is based on whether or not Defendant Edw. C. Levy Co. violated any number of governmental regulations – particularly OSHA..." (Doc. 67, Memo in Opp. at 3.) Mr. Lucio goes on to state:

> Again, in this negligence case **the existence of applicable OSHA regulations do not establish a duty on the part of Edw. C. Levy Co.** and the fact that OSHA regulations do not provide a private cause of action has no bearing on the outcome of this case or the relevance of Mr. Wright's testimony.

(Doc. 67, Id. at 11-12, emphasis added.)

Mr. Lucio had earlier contradicted himself by stating, "In turn, because the Defendant failed to comply with any government or industry safety standard applicable to the job site…Edw. C. Levy Co. was negligent." (Id. at 2.) Mr. Lucio fails to explain, however, how opinion testimony regarding OSHA and similar regulations is relevant if they do not provide the basis for his case or establish a duty. This Court held "It is well settled that the elements of an ordinary negligence suit between private parties are (1) the existence of a legal duty, (2) the

2

defendant's breach of that duty, and (3) injury that is the proximate cause of the defendant's breach." *Pandora Distrib. v. Ottawa Oh*, 2015 U.S. Dist. LEXIS 26568 (N.D. Ohio 2015) citing *Wallace v. Ohio Dep't of Commerce*, 96 Ohio St. 3d 266, 2002 Ohio 4210, 773 N.E.2d 1018, 1025-26 (Ohio 2002). If the regulations do not establish a duty on Levy for the purpose of Mr. Lucio's negligence claim, testimony regarding any alleged violations of OSHA or similar regulations is wholly inapplicable.

Instead, Mr. Lucio has merely argued that the testimony regarding OSHA and similar regulations provides "context" for his negligence claim, but context is not an element of Mr. Lucio's prima facie case. Despite the fact Mr. Lucio admits the OSHA violations do not establish a duty of care, he continues to assert nebulous arguments regarding the relevance of Mr. Wright's testimony without any legal support for his assertions. Because Mr. Lucio concedes the OSHA regulations **do not establish a duty** on the part of Levy, **and** admits that the OSHA **regulations are not the basis for his claim and do not provide a private cause of action**, Mr. Wright's testimony regarding OSHA and similar regulations is irrelevant to his prima facie case and should be stricken.

As explained in Levy's motion to exclude, even if testimony regarding OSHA was relevant, much of Mr. Wright's report consists of mere recitations of the allegedly applicable OSHA standards and Mr. Wright's legal conclusions that Levy violated them, which is inadmissible. "[A] district court will not permit an expert to offer legal opinions or conclusions." *Allied Erecting & Dismantling Co. v. United States*, 2015 U.S. Dist. LEXIS 44702 (N.D. Ohio 2015) at *4). Mr. Lucio does not dispute that issue in his opposition, and Mr. Wright admits that his testimony is not necessary to assist the trier of fact:

> The hazards associated with the slag mill as well as Edw. C. Levy's obvious failure to follow even its own corporate safety policies **are readily apparent**

3

from the various governmental incident inspections conducted by both OSHA and the state of Ohio (VSSR)…

(Doc. 67, Second Wright Aff. at ¶7, emphasis added.) Because Mr. Wright's testimony merely summarizes his review of 'readily apparent' information from the inspection files, it is not proper expert testimony. *See Johnson v. Manitowoc Boom Trucks, Inc.*, 484 F.3d 426, 434 (6th Cir. 2007). *Sears, Roebuck & Co.*, 789 F.2d 1052, 1055 (4th Cir. 1986) (holding that if the jury is able to reach their own conclusions based on the evidence, then expert testimony is inadmissible because "almost by definition, [it] can be of no assistance.").

Mr. Wright's opinions regarding the alleged OSHA violations are also not reliable. Mr. Lucio attempts to satisfy the reliability requirement by listing Mr. Wright's qualifications, but those qualifications do not make Mr. Wright clairvoyant. Mr. Wright's opinions are based on his speculation regarding very specific conditions at the slag mill, including that the available safety lanyards were not long enough to perform the necessary work, hooks would not fit, and sharp edges would have severed the lanyards. (Doc. 64, Memo. in Supp. of Motion to Exclude at 6-7.) All of these specific opinions were made without the benefit of any measurement, or citation to any record of measurement or testing done by anyone. This is the type of baseless conjectural opinion proffered by a well-paid expert that has been rejected by courts. *See General Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997). ("Trained experts commonly extrapolate from existing data. But nothing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert. A court may conclude that there is simply too great an analytical gap between the data and the opinion proffered.")

For all of these reasons and the reasons set forth in Levy's memorandum is support, section A(2), pages 8-18 of Mr. Wright's report should be excluded from the record.

4

### C. Section B(1) should be excluded because it summarizes Mr. Wright's interpretation of contracts.

Mr. Lucio also argues that Mr. Wright is somehow qualified to interpret contracts. To support that argument, he cites Mr. Wright's second affidavit, in which Mr. Wright claims he has "reviewed hundreds of contracts similar to the contracts at issue here…" (Doc. 67, Second Wright Aff. at ¶5.) The mere review of contracts, even if hired to do so, does not render one a legal expert on contract interpretation. Indeed, Mr. Wright has no legal expertise or training, and he readily admitted he is not an attorney.

Even if Mr. Wright were competent to testify on contract interpretation, Mr. Lucio has not identified any specific contract terms that require expert testimony to interpret the contract,[3] so those opinions are inadmissible. It is well settled that "[a]bsent any need to clarify or define terms of art, science, or trade, expert opinion testimony to interpret contract language is inadmissible." *North Amer. Specialty Ins. Co. v. Myers,* 111 F.3d 1273, 1281 (6th Cir. 1997) (quoting *TCP Indus., Inc. v. Uniroyal, Inc.*, 661 F.2d 542, 549 (6th Cir.1981)). *See also Sheet Metal Workers, Int'l Ass'n, Local Union No. 24 v. Architectural Metal Works, Inc.*, 259 F.3d 418, 425 n.4 (6th Cir. 2001) ("[T]he construction of unambiguous contract terms is strictly a judicial function; the opinions of percipient or expert witnesses regarding the meaning(s) of contractual provisions are irrelevant and hence inadmissible."). Because Mr. Wright's interpretation of the contracts is not proper expert testimony, section B(1), pages 22-24 of his report, and any other portion of the report in which Mr. Wright interprets contracts or renders opinions on the duties imposed by the terms cited, should be excluded.

---

[3] Mr. Lucio claims only that Wright's qualifications make him an "excellent guide for the jury through potentially complicated factual disputes," but he does not identify any ambiguous contract terms that require clarification.

## CONCLUSION

For the foregoing reasons, and the reasons set forth in its memorandum in support, Edw. C. Levy Co. requests Michael E. Wright be excluded as an expert witness under the Federal Rules of Evidence and that Plaintiff's Exhibit 1 to its Memorandum in Opposition to Summary Judgment be ruled inadmissible.

Respectfully submitted,
EASTMAN & SMITH LTD.
 /s/ Lynn V. Luther
Stuart J. Goldberg (0029469)
(sjgoldberg@eastmansmith.com)
Lynn Vuketich Luther (0075166)
(lvluther@eastmansmith.com)
One SeaGate, 24th Floor
P.O. Box 10032
Toledo, Ohio 43699-0032
Telephone: (419) 241-6000
Fax: (419) 247-1777

Attorneys for Defendant
Edw. C. Levy Co.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically with the Court on June 2, 2016. Notice of this filing was sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Lynn V. Luther
Attorney for Defendant

3597244 .1